### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

CORDELL A. PATTON #258784

        Petitioner               :

      v.                    :         Civil Action No. AW-09-2876
                                          (Consolidated with AW-08-1820)

STATE OF MARYLAND        :

        Respondent

### MEMORANDUM

The one-year statute of limitations for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is triggered by either (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion of denial of certiorari proceedings before the United States Supreme Court, or (2) if certiorari is not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time for filing a petition for writ of certiorari.[1]   Once this direct appeal phase is completed, the limitations period may be statutorily tolled while a properly filed motion for state post-conviction relief is pending, *see* 28 U.S.C. § 2244(d)(2), and may otherwise be equitably tolled for a petitioner who can show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance stood in his way to prevent timely filing.  *See Holland v. Florida,* 130 S.Ct. 2549, 2560-62 (2010).

Many self-represented Maryland prisoners successfully navigate the State's appellate and post-conviction process and bring their habeas claims before this court in a timely manner.  On occasion, unique or unusual circumstances present a petitioner with an issue requiring the

---

[1] *See* 28 U.S.C. § 2244(d)(1).

assistance of counsel.[2]  Against this backdrop, the parties seek to resolve the procedural aspects

of this case.

**Procedural History**

Petitioner was convicted by a jury of first-degree murder and related charges on May 22,

1996, in the Circuit Court for Carroll County. Paper No. 6, Ex. 1. That court imposed a life

sentence on September 18, 1996. *Id.* The Court of Special Appeals of Maryland affirmed the

convictions and sentences on appeal, with the mandate issuing on July 28, 1997. *Id.*, Ex. 2.

Petitioner did not seek certiorari review by Maryland's highest appellate court and his conviction

became final on August 12, 1997,[3] *id.,* several months after the adoption of the Antiterrorism and

Effective Death Penalty Act (AEDPA), which imposed a one-year statute of limitations

applicable to federal habeas petitions challenging noncapital state convictions. *See* 28 U.S.C.

§ 2244(d).[3]

 Nine years later, on August 16, 2006, Petitioner filed a petition for post-conviction relief

in the Circuit Court for Carroll County.  *Id.,* Ex. 1 at 10.  Relief was denied on October 30, 2007.

*Id.*, Ex. 1 at 11.  On November 28, 2007, Petitioner sought leave to appeal the denial of post-

conviction relief (ECF No. 6, Ex. 1 at 11).  While leave to appeal was pending Petitioner, then

self-represented, filed a pleading in this Court entitled "Motion to With-Drawn Habeus (sic)

Corpus."   In addition to outlining the nature of his conviction and direct appeal, Petitioner

indicated the status of his still-pending post-conviction petition, and evinced a flawed

understanding of the one-year limitations period for seeking federal habeas corpus relief.[4]   ECF

---

[2] The Court acknowledges and thanks counsel for consenting to appointment in this case.

[3] Petitioner had fifteen days in which to seek certiorari in the Court of Appeals of Maryland. *See* Md. Rule
8-302.

[4] Petitioner resubmitted the same pleading to the Clerk on August 6, 2008, citing confusion as to whether his first

No. 1 at 1-2.    As Petitioner neither presented his grounds for relief nor provided the filing fee, the undersigned ordered him to supplement his pleading and further directed Respondent to address the threshold issue concerning the statutory one-year limitations period.   ECF No. 2. Respondent provided legal analysis and supporting exhibits in support of its position that any habeas application filed by Petitioner would be time-barred (ECF No. 6), whereupon Petitioner was ordered to explain whether a properly-filed application could be deemed timely or whether grounds existed for equitable tolling of the limitations period.   ECF No. 7.

On September 23, 2008, the Clerk received the filing fee, Petitioner's supplement containing the grounds for relief,[5] and a request that the case be withdrawn without prejudice subject to reopening after the Court of Special Appeals' determination concerning leave to appeal the denial of post-conviction relief.   ECF No. 8, pp. 5-7.   No information as to the reason for Petitioner's delay in seeking federal habeas corpus relief was provided, in contravention of Court Order.   On September 25, 2008, the undersigned denied Petitioner's request to withdraw his Petition without prejudice, instead dismissing the Petition as time-barred under 28 U.S.C. § 2244(d)(1).[6] ECF Nos. 9-10.

---

pleading had been received.   ECF No. 4.

[5] Those grounds, which Petitioner claimed violated his right to due process and a fair trial, included: (1) trial court error based on denial of a motion for new trial premised on the discovery of new witnesses; (2) ineffective assistance based on trial counsel's (a) failure to move for judgment of acquittal; (b) failure to request modification of sentence; (c) failure to inform Petitioner that he could request a three-judge panel; (d) advice to Petitioner to change his testimony, omit important facts, and fabricate other facts; (e) failure to obtain all statements given to the State Police by his ex-wife; (f) withholding of exculpatory evidence and information at trial; (3) ineffective assistance based on appellate counsel's failure to seek certiorari in the Court of Appeals of Maryland following the denial of direct appeal; and (4) the cumulative effect of those errors.   ECF No. 8, pp. 2-4; *see also* ECF No. 23, p. 3.

[6] This section provides:

> 1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion

Petitioner did not appeal the ruling.  Instead, on October 30, 2009, nearly one month after

the October 2, 2009 denial of leave to appeal by Maryland's intermediate appellate court,

Petitioner *pro se* filed Civil Action No. AW-09-2876 (D. Md. 2009).  Although the case "[a]t

first blush…seemed to require simple dismissal of a successive habeas corpus petition," *id.,*

ECF No. 2, p. 1, the undersigned was persuaded otherwise, based on Petitioner's representations

first brought to light in the second action:

> Significantly, [Petitioner]  argues that he sought help with filing his state
> post-conviction through the Maryland Office of the Public Defender Collateral
> Review Division well within one year after the July 28, 1997, appellate
> mandate affirming his convictions, and thus should be entitled to tolling of the
> one-year limitations period set forth in 28 U.S.C. § 2244(d).  Patton
> provides documentation to support his claim. In June of 1998, Carol Chance,
> then Chief Attorney for Collateral Review, sent him a cover letter indicating
> her staff could not review his post-conviction file within the one-year federal
> limitations period. Enclosed with that letter is what appears to be a form letter
> sent out in response to representation inquiries. The form letter, dated June 23,
> 1998, is generic in nature and appears to discourage prisoners from filing pro
> se petitions for state post-conviction. The file letter acknowledged the one-year
> federal limitations period, and indicated that despite the fact that waiting
> for the state public defender might result in the expiration of the limitations
> period, state post-conviction filings counseled from the outset is the better
> route, given that federal courts rarely grant habeas corpus relief. The letter
> concluded with a statement that even if a prisoner waits for Collateral Review,
> after an interview and review of trial transcripts, the division may decline to
> file a post-conviction petition on the prisoner's behalf. Maryland Judiciary

---

of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application
created by State action in violation of the constitution or laws of the
United States is removed, if the applicant was prevented from filing by
such State action;
(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2) the time during which a properly filed application for State postconviction
or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under this
subsection.

> Case Search indicates a post-conviction petition was filed on Patton's
> behalf in 2006 (some eight years after he asked for assistance from
> Collateral Review), and amended on March 5, 2007, with a hearing held
> a few months later in July, 2007.

*Id.*, pp. 1-2.  In a footnote contained in the opinion, the undersigned noted that based on the form letter Petitioner received, it appears Petitioner was given an option to (1) file a pro se state post-conviction petition and obtain representation at a hearing (but counsel might not have had time for thorough review and amendment), or (2) get in line and wait years for Collateral Review to get to his case. In the first instance the one-year federal limitations period may not run out, but all relevant issues may not be fully presented. In the second instance, the federal limitations period is certain to expire. The undersigned construed the second action as a Rule 60(b)(6) Motion for Reconsideration, consolidated it with the previous Petition, and appointed counsel to explore whether Petitioner should be entitled to equitable tolling of the limitations period.

Counsel was appointed on December 16, 2009.  Respondent now moves to dismiss the consolidated Petition (ECF No. 23), Petitioner opposes the motion (ECF No. 30), and Respondent has filed a reply.  ECF No. 31.  The dispositive motion, which is limited to the question of whether the second action is properly treated as a motion for reconsideration or represents a successive petition, shall be decided without a hearing.  *See* Local Rule 105.6 (D. Md. 2011).

**Arguments**

Respondent correctly notes that despite the Court's invitation to do so, Petitioner failed to provide any factual basis for equitable tolling in his original habeas petition, and thereafter failed to appeal the dismissal of the case as time-barred.  Respondent notes that the first Petition, as supplemented, contained the grounds on which Petitioner predicated his entitlement to habeas corpus relief, and contends that the second case, which further elaborated on those grounds,

should therefore be viewed as a successive habeas petition subject to pre-filing authorization by

the appellate court.  Implicit in its motion is Respondent's contention that the Court abused its

discretion by *sua sponte* treating the second case as a Rule 60(b) motion for reconsideration.

Finally, Respondent argues that even if appropriately construed, Petitioner's second Petition does

not comply with Rule 60(b)'s strict criteria entitling him to extraordinary relief.  ECF Nos. 23

and 31.

Petitioner counters that the second Petition was not successive, because it did not attempt

to re-litigate already adjudicated issues or add claims to the first Petition.  Implicit in Petitioner's

argument is the suggestion that the "extraordinary circumstances" necessary to warrant Rule

60(b) relief can be drawn from the specific circumstances of this case which support Petitioner's

entitlement to equitable tolling of the limitations period.  ECF No. 30.

**Analysis**

Federal Rule of Civil Procedure 60(b) (2012 ed.), provides in relevant part:

> On motion and just terms, the court may relieve a party or
> its legal representative from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence
> that, with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud…,
> misrepresentation, or misconduct by an opposing party; …
> or (6) any other reason that justifies relief.

Rule 60(c)(1) provides that a Rule 60(b) motion "must be made within a reasonable time

– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or

the date of the proceeding."  Further, a Rule 60(b) motion (also delineated as a "motion for

reconsideration") does not affect the judgment's finality or suspend its operation.  *See* Fed. R.

Civ. P. 60(c)(2).

The circuits are split as to whether a district court has the authority to grant a party *sua*

*sponte* relief pursuant to Rule 60(b).[7]    The Sixth and Tenth Circuits have held that a district

court cannot grant relief under Rule 60(b) without a motion by one of the parties. *See United*

*States v. Pauley,* 321 F.3d 578, 581 (6th Cir. 2003) (courts may not grant Rule 60(b) relief

"except upon a motion from the affected party" because rule explicitly states relief may occur

"on motion") (quotation omitted).    The Tenth Circuit notes that while Rule 60(a) allows a

district court to correct clerical errors "of its own initiative," Rule 60(b) lacks that language,

therefore permitting corrections only upon a motion of the parties. *See Dow v. Bair,* 389 F.2d

882, 884-85 (10th Cir. 2003).

The Second, Ninth, Fifth, and Fourth Circuits disagree with that analysis. The Second

Circuit contends that as long as a district court retains jurisdiction over the case, "nothing forbids

[a] court to grant such relief *sua sponte*." *See Fort Knox Music, Inc. v. Baptiste,* 257 F.3d 108,

110-11 (2d Cir. 2001).    The Ninth Circuit has gone farther, in *Kingsvision Pay-Per-View Ltd. v.*

*Lake Alice Bar,*  168 F.3d 347, 351-52 (9th Cir. 1999), countering the statements in *Pauley* and

*Dow,* and finding that Rule 60(b) says "on motion" and does not explicitly say "by a party."

Finding that the language of Rule 60(b) is not qualified as it is in Rule 60(a), the *Kingsvision*

court also noted that according to Black's Law Dictionary 1424 (6th ed. 1990), "[t]he traditional

definition of *sua sponte* is that [a] court acts of 'its own will or *motion.*' " *Id.* at 352 (second

emphasis added by the Ninth Circuit).  The Ninth Circuit also discussed decisions by the Fourth

and Fifth Circuits, which held that the Rule does not "depriv[e] [a] court of the power to act in

the interest of justice in an unusual case in which its attention has been directed to the necessity

of relief by means other than a motion," *id.* at 351 (quoting *United States v. Jacobs*, 298 F.2d

469, 472 (4th Cir. 1961), leaving a district court free to vacate a judgment under the rule on its

---

[7] None of the circuits appears to have examined the issue in the context of litigation filed by a self-represented litigant.

own motion. *Id.* at 352 (citing *McDowell v. Celebreeze,* 310 F.2d 43, 44 (5th Cir. 1962). The

Ninth Circuit determined that the language of the rule "allow[s] for either construction," but that

"the Fourth and Fifth Circuit position makes better practical sense." *Id.*

The reasoning of the Second, Fourth, Fifth, and Ninth Circuits was adopted by the Eighth

Circuit in the habeas corpus action *Pierson v. Dormire*, 484 F.2d 486 (8th Cir. 2007). The

*Pierson* court noted, however, that the holdings of these cases are premised on the fact that the

parties had notice of the district courts' actions before the courts issued new orders. *See Pierson,*

484 F.2d at 492, citing *Fort Knox Music Inc.,* 257 F.3d at 111 (*sua sponte* dismissal permitted if

all parties have notice); *Kingsvision Pay-Per-View Ltd.,* 168 F.3d at 352 (notice required under

Due Process Clause before vacating judgment).

The *Pierson* court found, however, that the lack of notice to the respondent was at most

harmless error, because the petitioner's state post-conviction case was still pending in the

Missouri appellate court, and an intervening appellate decision in the Eighth Circuit affected the

district court's initial determination of the federal habeas application. *Id.* Here, too, Petitioner's

application for leave to appeal the denial of state post-conviction relief was pending at the time

the undersigned dismissed the initial habeas application. Significant to the harmless error

determination is the fact that Respondent was immediately informed of this Court's decision to

treat the second action as a reconsideration request. Civil Action No. AW-09-2876 was filed on

October 30, 2009; the Order treating the action as a Motion for Reconsideration under Rule

60(b)(6), consolidating the cases, and appointing counsel was issued less than three weeks later,

on November 17, 2009, and counsel for Respondent was provided notice of same. *Id.,* ECF Nos.

1 and 2. Respondent's notice argument is unavailing, given that it was provided an opportunity

to respond to this very issue (ECF No. 22) and has done so.

The second barrier to substantive review of this case puts at issue whether this Court erred in construing the second pleading as a Rule 60(b) motion, rather than treating it as a successive habeas corpus petition over which this court lacked jurisdiction under AEDPA.

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Thus, if the second filing is more properly construed as a habeas corpus petition, this Court would be without jurisdiction to consider any grounds for relief unless the United States Court of Appeals for the Fourth Circuit entered an order authorizing this Court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A);[8] *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Respondent argues that because Petitioner did not comply with this "gatekeeper" provision, his application for habeas corpus relief docketed as Civil Action No. AW-09-2876 should be dismissed pursuant to 28 U.S.C. § 2244(b)(3) and Civil Action No. AW-08-1820 should be closed.

AEDPA amended certain provisions of the Federal Rules of Civil Procedure, but did not expressly circumscribe the operation of Rule 60(b).  Nonetheless, all of the Federal Rules of Civil Procedure apply in habeas corpus proceedings only "to the extent that [they] are not inconsistent with" applicable federal statutory provisions and rules.  *See* 28 U.S.C. § 2254 Rule 11 and Fed. Rule Civ. Proc. 81(a)(2), cited in *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). Strict prohibition against district court consideration of second or successive habeas corpus applications is found at 28 U.S.C. § 2244(b)(1) and (2).[9]  A district court is not required to treat

---

[8] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[9] Title 28 U.S.C. § 2244 provides, in relevant part, that:

all Rule 60(b) motions as successive petitions,[10] but "*must* treat Rule 60(b) motions as successive…when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *See United States v. Winestock,*[11] 340 F.3d 200, 206-07 (4th Cir. 2003) (emphasis in the original), citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Rule 60(b) motions that seek "to remedy some defect in the collateral review process" are considered proper. *Winestock*, 340 F.3d at 207.

AEDPA does not define "second or successive." *See In re Taylor,* 171 F.3d 185, 187

---

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus….

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

    (B)(1) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[10] This task is made more difficult because the Court must classify pro se pleadings from prisoners based on their content, not their captions. *See United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002), cited in *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). This requirement is juxtaposed with the requirement that pleadings filed by those without representation be accorded liberal construction.  *See Haines v. Kerner* 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

[11] *Winestock* involved a motion to vacate pursuant to 28 U.S.C. § 2255, not a § 2254 petition for habeas corpus relief.  That distinction does not abrogate reliance on the holding of the case.

(4th Cir. 1999).   To qualify as a successive petition, the first habeas petition must have been dismissed on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (2002), abrogated on other grounds by *Skinner v. Switzer,* 131 S.Ct. 1289 (2011); *In re Williams*, 444 F.3d 233 (4th Cir. 2006).   Dismissal for procedural default is a dismissal on the merits for the purpose of determining whether a habeas petition is successive, *Harvey*, 278 F.3d at 379-80, whereas a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.   *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998).

Several circuits have determined that dismissal of a motion as time-barred is a decision on the merits for the purpose of deciding whether subsequent petitions are second or successive. *See e.g. Murray v. Greiner*, 394 F. 3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (*per curiam*); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *In re Rain*, 659 F.3d 1274, 1275 (10th Cir. 2011).

This circuit has not spoken directly on the issue.   In *Gonzales v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a motion for relief from judgment challenging only a district court's prior ruling that a habeas petition was time-barred was not the equivalent of a "second or successive" petition, as the challenge did not attack the substance of the federal court's resolution of a claim on the merits, but was limited to "some defect in the integrity of the federal habeas proceedings."   *Id.*, 545 U.S. at 532.

In so finding, the Court went on to note that Rule 60(b)(6) requires movants to show "extraordinary circumstances" justifying the reopening of final judgments, and "[s]uch circumstances will rarely occur in the habeas context."[12]   *Id.,* 545 U.S. at 534, citing *Ackermann*

---

[12] Indeed, the Court found that the petitioner there failed to demonstrate extraordinary circumstances sufficient to warrant Rule 60(b) relief.

*v. United States,* 340 U.S. 193, 199 (1950) and *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988).  A movant must act with due diligence, *Liljeberg,* 486 at 863, n. 11. Futhermore, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," this circuit has favored denying relief "as merely an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011), citing *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.,*  993 F.2d 46, 48 (4th Cir. 1993) ("voluntary, deliberate, free [and] untrammeled choice" not to appeal original judgment or order cannot establish basis for Rule 60 relief) (quoting *Ackermann,* 340 U.S. at 200)); *In re Burnley,* 988 F.2d 1, 3 (4th Cir. 1992) (same); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864 at 359-60 & n. 25 (2d ed. 1995) (collecting cases).

Clearly, Petitioner did not seek to appeal the dismissal of his initial habeas corpus application as time-barred; instead, he appears to have abandoned the Petition altogether, first by failing to respond to court order to provide reasons to explain the nine-year delay between completion of direct appeal and the filing of his state post-conviction petition, while at the same time seeking to withdraw the application in order to fully exhaust state post-conviction remedies. Such conduct does not comport with the "extraordinary circumstances" requirement of Rule 60(b)(6).

For this reason, Respondent's motion to dismiss shall be granted.  A separate order shall be entered in accordance with this Memorandum.


March 22, 2013                                          /s/
                                                Alexander Williams, Jr.
                                                United States District Judge